UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                          **MEMORANDUM OF LAW & ORDER**
                             Criminal File No. 04-269 (MJD/AJB)

(1) KIER SHAWN JOHNSON,

      Defendant.
_____

Joseph T. Dixon, III, Assistant United States Attorney, Counsel for Plaintiff.

James E. Ostgard, II, Ostgard Law Office, Counsel for Defendant.
_____

## I.    INTRODUCTION

This matter is before the Court on Defendant Kier Shawn Johnson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 98] and on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 100]. The Court held oral argument on July 24, 2009, but continued the matter until August 14, 2009, to permit additional briefing by the

1

parties.  In accordance with the Court's August 14, 2009, oral order denying both motions, the Court issues the following Memorandum of Law and Order.

## II. BACKGROUND

On June 22, 2004, Johnson was indicted for conspiracy to distribute crack cocaine and possession with intent to distribute cocaine.  [Docket No. 9]  On August 13, 2004, Johnson pled guilty to Conspiracy to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

On April 26, 2005, the Court sentenced Johnson to 100 months in prison. [Docket No. 50]  The Court adopted the Guideline calculations contained in the PSI, with a Total Offense Level of 34, based on Johnson's Career Offender status. The Career Offender designation was based on a prior felony conviction for Possession of a Stolen Motor Vehicle and Burglary in Illinois and a prior felony conviction for Possession of Marijuana with Intent to Sell in a School Zone in Minnesota.  Johnson was criminal history category VI (Career Offender) and had an imprisonment range of 262 to 327 months.  The Court explicitly denied Johnson's motion for a downward departure based on the assertion that the Career Offender designation substantially overstated his criminal history.

The Government filed a motion for a downward departure based on

2

§ 5K1.1 and 18 U.S.C. § 3553(e), substantial assistance to authorities, which the Court granted. The Court then departed downward from 262 months, the low end of the Guideline range, to 100 months.

Johnson did not file a direct appeal of his sentence.

## III. SECTION 2255 MOTION

### A. Begay and Its Progeny

On April 16, 2008, the United States Supreme Court issued Begay v. United States, in which it held that a conviction of driving while intoxicated did not constitute a violent felony under the Armed Career Criminal Act because it was unlike the violent crimes listed as examples in the statutory provision. 128 S. Ct. 1581 (2008).

On August 11, 2008, the Eighth Circuit held that there was no relevant distinction between the term "violent felony," as used in the Armed Career Criminal Act, and the term "crime of violence," as used in the Sentencing Guidelines, and that, therefore, under Begay, auto theft by deception, auto theft without consent, and auto tampering, under Missouri law, were no longer considered crimes of violence for purposes of the Sentencing Guidelines. United States v. Williams, 537 F.3d 969, 971, 975-76 (8th Cir. 2008). This opinion reversed

3

previous Eighth Circuit precedent.

**B.     Johnson's Career Offender Status**

The parties agree that, under Begay and subsequent Eighth Circuit opinions, if Johnson were sentenced today, his conviction for Possession of a Stolen Motor Vehicle and Burglary in Illinois would not constitute a predicate crime of violence, and Johnson would not be considered a Career Offender under the Guidelines. They agree that his adjusted offense level would be 29, with a criminal history category V, and a Guideline range of 140-175 months, with a mandatory minimum of 120 months.

Johnson asserts that the Court erred when it calculated Johnson's previous Guidelines based on his Career Offender status; therefore, the Court should vacate the original sentence and sentence Johnson again, not as a Career Offender.

**C.     Whether Johnson Procedurally Defaulted His Objection to the Career Offender Guideline**

**1.     General Rule Regarding Procedural Default**

Johnson has procedurally defaulted his objection to the Career Offender Guideline because he did not pursue a direct appeal of his sentence:

4

> The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion, and this rule applies equally when the conviction was entered pursuant to a guilty plea. This procedural default may be excused only if the petitioner can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted.

Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997) (citations omitted). Cause and prejudice can be shown, for example, by ineffective assistance of counsel. Id.

"While . . . a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default, . . . futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Bousley v. United States, 523 U.S. 614, 622-23 (1998) (citations omitted). In this case, the argument that theft or burglary of a car should not constitute a crime of violence was raised on appeal and addressed in Eighth Circuit opinions issued both before and after the date of Johnson's sentencing. Therefore, Johnson's current argument was not novel at the time he could have filed a direct appeal.

Johnson provides no adequate reason for failing to appeal, so he cannot meet the cause prong of the cause and prejudice test.

### 2. Actual Innocence Exception

In the absence of cause and prejudice, a defendant's procedural default may be excused through a showing of actual innocence. McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001). Here, Johnson does not claim to be actually innocent of the crime to which he pled guilty. Instead, Johnson argues that the actual innocence exception applies because he is actually innocent of being a Career Offender under the Sentencing Guidelines. See, e.g., United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (holding that "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision").

Under Eighth Circuit precedent, the actual innocence exception does not apply to sentencing enhancements outside the sentencing phase of death penalty cases. Embrey v. Hershberger, 131 F.3d 739, 740-41 (8th Cir. 1997) (en banc) ("[I]n noncapital cases the concept of actual innocence is 'easy to grasp,' because 'it simply means the person didn't commit the crime.'") (citation omitted). See also id. at 741 (holding that the actual innocence exception would not apply when the petitioner's "claim, at bottom, is simply a legal not a factual one.").

### 3. Procedural Default and Sentencing Errors

Generally, claims of errors in the Sentencing Guideline calculations must be brought on direct appeal and are not cognizable under section 2255, unless the sentencing error resulted in a "miscarriage of justice." Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995).

Here, the Court concludes that the erroneous application of the Career Offender Guideline did not constitute a miscarriage of justice. See, e.g., United States v. Coley, No. 08-15962, 2009 WL 2019859, at *2 (11th Cir. July 14, 2009) (unpublished) ("Coley did not raise this issue on direct appeal. In fact, it appears that he filed no direct appeal at all. Nor does Coley offer any reason why he could not have raised this issue on direct appeal. Of course, Begay and Archer had not yet been decided when Coley was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal-just as Begay and Archer later did.") (citations omitted); Auman, 67 F.3d at 161 (holding that a "claim of error in interpreting the career offender guidelines does not present a cognizable [§ 2255] claim").

### D. Timeliness of Johnson's § 2255

As applicable to Johnson, a § 2255 petition must be filed no later than one

7

year after the date that the judgment becomes final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Johnson did not file this motion until more than a year after his conviction became final. The Supreme Court did not state that <u>Begay</u> was retroactively applicable to cases on collateral review. Therefore, the Court must determine retroactivity under the <u>Teague</u> test. <u>Sun Bear v. United States</u>, No. CIV 08-3021, No. CR 01-30051, 2009 WL 2033028, at *3 (D.S.D. July 9, 2009).

The Supreme Court has explained the <u>Teague</u> test as follows:

New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.

New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give

8

> retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is fundamental in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is *seriously* diminished. This class of rules is extremely narrow, and it is unlikely that any . . . ha[s] yet to emerge.

Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (citations, internal quotations, and footnote omitted).

In accordance with the majority of courts that have addressed this issue, the Court holds that, under the Teague test, Begay does not apply retroactively to the Career Offender Guideline because it is not a substantive change in the law, nor a watershed rule bearing on the accuracy or fairness of the criminal process. See, e.g., Lindsey v. United States, Case No. 09-0249-CV-W-ODS, Crim. No. 06-00340-01-CR-W-ODS, 2009 WL 2337120, at *2 (W.D. Mo. July 29, 2009) (holding that Begay did not apply retroactively under the Teague test because "Begay is narrow and has no bearing on the accuracy or fairness of the criminal process, so it is not a "watershed rule" entitled to application on post-conviction review."); Sun Bear, 2009 WL 2033028, at *4 ("Rules for the calculation of a defendant's sentence are not substantive changes in the law which are retroactive.") (citations omitted). But see United States v. Radabaugh, Nos.

9

07-CR-0106-CVE, 08-CV-762-CVE-TLW, 2009 WL 565065, at *5 (N.D. Okla. Mar. 5, 2009) ("Begay announced a new substantive rule, rather than a procedural rule, because Begay limits the authority of a court to increase a defendant's punishment for certain types of conduct. Therefore, Teague is inapplicable and defendant may rely on Begay to challenge his sentence in a § 2255 motion").

E. Conclusion

The Court holds that Johnson has procedurally defaulted his claim and cannot challenge his Career Offender status under the Guidelines in this § 2255 motion. Johnson did not raise the question of whether his predicate felonies were qualifying felonies under the Career Offender enhancement to the Guidelines on direct appeal. He cannot show actual innocence of the crime of conviction, and, under Eighth Circuit precedent, the actual innocence exception does not apply to non-capital sentencing errors. Nor can Johnson show cause and prejudice for failure to raise this issue on appeal. The Court further holds that Begay, as applied to the Career Offender Guideline, did not create a substantive change in the law and was not a watershed decision.

However, the Court agrees with Judge Smith's opinion in Lindsey, that a Certificate of Appealability should be issued on this issue because the Eighth

Circuit has not yet issued an opinion addressing Begay's retroactivity and at least one court, the Northern District of Oklahoma, has determined that Begay can be applied retroactively. Therefore, the Court concludes that "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV. MOTION TO REDUCE CRACK COCAINE SENTENCE

Johnson moves for resentencing pursuant to 18 U.S.C. §3582(c)(2) based on the retroactive crack cocaine amendments to the Sentencing Guidelines. Because the Court denies Johnson's § 2255 motion, as discussed above, it must also deny this motion. Johnson's Guideline range was set by his Career Offender status and the retroactive amendments to the crack cocaine guidelines do not alter Johnson's Guideline range. See, e.g., United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008) ("Although the Sentencing Commission lowered the offense levels in U.S.S.G. § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1, which is what set [the defendant's] sentencing range. [The defendant] has therefore not met the

11

eligibility requirements for a reduction in his sentence.") (citation omitted). See also United States v. Tingle, 524 F.3d 839 (8th Cir. 2008). Even when a defendant is ultimately sentenced below the Career Offender range based on a downward departure based on substantial assistance, the sentencing range is set by the defendant's Career Offender status, not the crack cocaine amount, and resentencing is not permissible. United States v. Primers, 277 Fed. Appx. 639 (8th Cir. 2008) (unpublished).

**IT IS HEREBY ORDERED** that:

1. Defendant Kier Shawn Johnson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 98] is **DENIED**.

2. A Certificate of Appealability shall issue as to the question of whether the holding of Begay v. United States, 128 S. Ct. 1581 (2008) applies retroactively, permitting Defendant to collaterally attack his designation as a Career Offender, in spite of Defendant's failure to file a direct appeal on this issue and the passage of more than one year since entry of judgment in Defendant's case.

3. Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(2) [Docket No. 100] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 24, 2009					s/ Michael J. Davis
								Michael J. Davis
								Chief Judge
								United States District Court